UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THERESA M. HECK,

    Plaintiff,

v.                                                 Case No. 19-C-73

ROXANNE O. ROESE,

    Defendant.

## ORDER

On April 17, 2019, the court ordered *pro se* plaintiff Theresa Heck to pay the assessed initial partial filing fee of $17.75 from her prison account or explain why she cannot pay that amount with those funds and needs to access her release account in order to pay the fee. In a letter dated April 29, 2019, Heck explained that she was having difficulties getting the money as her family has not recently deposited funds into her account. The Clerk also contacted the establishment where Heck is confined and was informed that Heck is currently under a 90-day no work restriction and that her prison account funds have been depleted.

A prisoner will not be prohibited from bringing a civil action for the reason that she lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefore, Heck will be granted a waiver of payment of the initial partial filing fee in this case. However, she is still obligated to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See* 28 U.S.C. § 1915(b)(1).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted,

the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. Accordingly, Heck will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff**: If you do not wish to pay the filing fee as set forth in this order or do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g), you must notify the court by filing a letter with the Clerk of Court within 21 days from the date of this order stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(4), Heck will not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that, if she wishes to voluntarily dismiss this action to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g), Heck shall so notify the court within 21 days of the date of this order.

Upon expiration of the specified time, the court will determine whether the action can continue *in forma pauperis*. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**SO ORDERED** this  13th  day of May, 2019.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court