UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THERESA MARIE HECK,

        Plaintiff,

v.                                                       Case No. 19-C-73

ROXANNE O. ROESE,

        Defendant.

## SCREENING ORDER

Plaintiff Theresa Marie Heck, who is currently serving a state prison sentence at Robert E. Ellsworth Correctional Center (REECC) and representing herself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendant, Roxanne Roese, violated her civil rights by delaying the treatment of her degenerative hip condition. This matter comes before the court on the plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of her complaint, as required under 28 U.S.C. § 1915(a)(2), and was assessed an initial partial filing fee of $17.75. The plaintiff submitted two letters, Dkt. Nos. 14, 16, stating that she was having difficulties getting the funds to pay for the initial partial filing fee. After the Clerk contacted the establishment where Heck is confined and was informed that Heck was under a 90-

day no work restriction and that she did not appear to have the funds in her prison account to pay the initial partial filing fee, the court subsequently waived the initial partial filing fee a gave the plaintiff 21 days to notify the court whether she wished to continue pursuing her claim. Dkt. No. 17. Two days later the plaintiff submitted a check for $17.75. The court will credit this amount towards the plaintiff's payment of the full filing fee and, based on the plaintiff's statements in her letters and submission of the check, construe her actions as an indication that she wishes to pursue her claim.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the

2

complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

The plaintiff states that she has been seeing Defendant Roxanne Roese, who is a nurse practitioner at REECC, for treatment of her degenerative hip condition; arthritis in her knees, neck, and shoulder; and restless leg syndrome. In October of 2017, an orthopedic physician performed a flouroscopically guided injection on her right hip but not on her left. The orthopedic physician also ordered that the plaintiff receive a low bunk restriction.

The plaintiff alleges that since January of 2018 she has been requesting to have an injection performed on her left hip as well due to the pain. When the plaintiff was seen by Roese for an unrelated condition, the plaintiff discussed having the injection done on the left side with Roese and was told that an appointment would be made with an orthopedic physician. Roese and other staff had only been treating the plaintiff's pain with tylenol and ibuprofen, and she has not been given a low bunk restriction.

On February 1, 2018, the plaintiff received correspondence from Roese stating, "No need to send to ortho, seen and appt. was already 2 weeks ago, so it's been cancelled. No low bunk, able to stand and move effortlessly." Dkt. No. 1 at 2.

In March of 2018, the plaintiff requested to be seen by REECC physician Dr. Misoslavic for hip/groin and neck issues. The response to the plaintiff's request stated, "Your hips already been addressed by nurse and N.P. Roese." *Id.* at 3.

While attending physical therapy for her neck in April of 2018, the physical therapist noticed her hip/groin issues and advised Roese to address the plaintiff's possible labrum tear. Roese

3

subsequently scheduled an appointment, set for May 17, 2018, for the plaintiff with Dr. Goran Jankovics. Dr. Jankovics order from that appointment states, "One more set of injections. Patient aware of risks, but is in pain." *Id.*

The next day the plaintiff received correspondence from Roese stating, "I don't have dictation from Dr. Goran's appt with you, however, he definitely is requesting injections are yearly. Try other interventions for as long as can." *Id.* After the plaintiff informed Roese that she and Dr. Jankovics discussed further injections, Roese informed her that an appointment was scheduled for late June. On June 13, 2018, Roese informed the plaintiff that Dr. Jankovic advised against hip injections at this time, that he is no longer taking inmate patients, and that there would be a new doctor in the future. When the plaintiff inquired as to when there would be a new doctor, she was only told that it would be soon. The plaintiff received injections in July and August to treat her restless leg syndrome but not to address her degenerative hip condition.

In October of 2018, the plaintiff was seen by the new doctor, Dr. David Ross, who ordered injections. On October 18, 2018, the plaintiff states that she "experienced a sharp, buckling, stabbing pain in [her] hip and suffered a painful fall" that resulted in her being taken to the emergency room. *Id.* After the fall the plaintiff was told that she would receive injections for her hip in two weeks.

The plaintiff states that she did receive injections in December of 2018 for her hip, but that she is still in great pain caused by labrum issues which are the result of the delay in her treatment. According to the plaintiff, the pain is so severe that she can barely walk, the condition has gotten worse, and the pain wakes her up multiple times during the night. The plaintiff states that Roese

4

was deliberately indifferent to her condition by delaying her treatment and not following the orders of the orthopedic specialists. The plaintiff is seeking monetary damages as a result.

## THE COURT'S ANALYSIS

The Eighth Amendment prohibits the infliction of cruel and unusual punishment as a sentence for a crime. U.S. Const. amend. VIII. It protects an inmate from a governmental actor's deliberate indifference to her basic needs, including an inmate's medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege an objectively serious medical condition and that an official was subjectively aware of that condition and deliberately indifferent to it. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

> "Deliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, administers 'blatantly inappropriate' medical treatment, *Edwards* [*v. Snyder*], 478 F.3d [827,] 831 [(7th Cir. 2007)], acts in a manner contrary to the recommendation of specialists, *Arnett* [*v. Webster*], 658 F.3d [742,] 753 [(7th Cir. 2011)], or delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

*Perez*, 792 F.3d at 777.

Taking the plaintiff's allegations as true, which the court must do at this stage, the plaintiff's complaint states a claim for deliberate indifference against Roese. The complaint supports that the plaintiff's degenerative hip condition is an objectively serious medical condition, given that treating physicians who have examined her have recommended treatment and accommodations. In addition, a physical therapist who was treating the plaintiff for another condition independently noticed the effects the condition has on the plaintiff. Regarding Roese's subjective awareness of the plaintiff's condition, she was made aware of it through her discussions and correspondence with the plaintiff

5

as well as the reports from outside physicians. Although it appears the plaintiff did eventually receive the shots recommended by outside physicians, she did not receive them until December of 2018—roughly 11 months after she began complaining of the severe pain in January, 6 months after injections were recommended in May, and 2 months after they were recommended again in October. The plaintiff alleges that as a result of the delay in her treatment her condition significantly worsened. "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett*, 658 F.3d at 753 (citing *McGowan*, 612 F.3d at 640). Though the plaintiff was provided with medication to treat her pain, the plaintiff still complained of severe pain. "A prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Id.* at 754. In addition, no action has allegedly been taken on the recommendation that the plaintiff be provided with a low bunk restriction.

Consequently, the court finds that the plaintiff may proceed on the following claim: deliberate indifference against Roese.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from her institution trust account the $332.25 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  16th  day of May, 2019.

                                           s/ William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court